▆ In the Matter of WILLIAM LOPEZ, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [836 NYS2d 443]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered March 31, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner sought to commence this CPLR article 78 proceeding against respondent to challenge a prison disciplinary determination. In connection therewith, Supreme Court signed an order to show cause directing petitioner to serve the order to show cause, petition, exhibits and supporting affidavits, by ordinary first class mail, upon each named respondent and the Attorney General on or before February 1, 2006. Respondent moved to dismiss the petition on the ground that he alone had not been served with the papers in accordance with the order to show cause. Supreme Court granted the motion and this appeal ensued.

In light of the Court of Appeals' decision in *Matter of Elliott v Butler* (8 NY3d 972 [2007]), rendered after Supreme Court's decision here, we will no longer continue our practice of affirming dismissal where a respondent denies receipt of the papers and the imprisoned petitioner fails to either substantiate his affidavit of service or demonstrate that obstacles related to his imprisonment prevented him from complying with the terms of the order to show cause (*see e.g. Matter of Romero v Department of Correctional Servs.*, 30 AD3d 797 [2006]). Instead, we will remit the matter to Supreme Court to conduct a traverse hearing (*see Matter of Elliott v Butler, supra*), solicit an admission of service from respondent (*see* CPLR 306 [e]) or extend the time for service to afford petitioner an opportunity to re-serve the papers (*see* CPLR 306-b).

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.